ORIGINAL FILED

08 JUL 22 PM 2:04

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



1  Kelly M. Dermody (SBN 171716)
   Jahan C. Sagafi (SBN 224887)
2  LIEFF, CABRASER, HEIMANN &
     BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
5  E-Mail: kdermody@lchb.com
   E-Mail: jsagafi@lchb.com
6
7  James M. Finberg (SBN 114850)
   Peter E. Leckman (SBN 235721)
8  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
9  San Francisco, CA  94108
   Telephone:  (415) 421-7151
10 Facsimile:   (415) 362-8064
   E-Mail: jfinberg@altber.com
11 E-Mail: pleckman@altber.com

12 *Attorneys for Plaintiffs*                                    **HRL**

13                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
14                        SAN JOSE DIVISION

15 MICHAEL P. O'CONNOR, TIMOTHY C.        Case No.  **CV 08  3513**
   WHALEY, MARIO ESPINOZA-
16 ALVAREZ, TSAICHAUN KAO, TRI H.
   DAO, PETER T. EDWARDS, and RON       **COMPLAINT FOR VIOLATIONS OF**
17 SMITH                                 **FLSA, ERISA, AND CALIFORNIA WAGE
                                          AND HOUR LAWS; CLAIMS FOR
18             Plaintiffs,               DAMAGES, RESTITUTION AND
                                          INJUNCTIVE RELIEF**
19        v.

20 CADENCE DESIGN SYSTEMS, INC.,

21             Defendant.

22

23

24

25

26

27

28

774560.2

1    Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez,

2   Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith ("Plaintiffs") allege as follows:

3   <u>**JURISDICTION AND VENUE**</u>

4    1.    This Court has federal question jurisdiction over this action pursuant to

5   28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b);

6   and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

7   § 1132(e)(1).

8    2.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. §

9   1367 over Plaintiffs' California wage and hour law claims, because those claims derive from a

10   common nucleus of operative fact.

11    3.    This Court is empowered to issue a declaratory judgment pursuant to

12   28 U.S.C. §§ 2201 and 2202.

13    4.    The Northern District of California has personal jurisdiction over Cadence

14   Design Systems, Inc. ("Defendant" or "Cadence"), because it is headquartered in San Jose,

15   California, is doing business in California, and in this district, and because many of the acts

16   complained of and giving rise to the claims alleged occurred in California and in this District.

17    5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

18   Defendant resides in this district and because a substantial part of the events giving rise to the

19   claims occurred in this District.

20    6.    Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d),

21   intradistrict assignment to the San Jose Division is proper.  Plaintiffs performed work in Santa

22   Clara County, and Defendant is headquartered in Santa Clara County.  Therefore, a substantial

23   part of the events giving rise to Plaintiffs' claims occurred in this Division.

24   <u>**SUMMARY OF CLAIMS**</u>

25    7.    Plaintiffs are or were employed by Cadence as Field Systems Engineers.

26   They have or had the primary duties of installing, upgrading, and repairing hardware systems

27   created by Cadence for its customers. They are and/or were misclassified by Cadence as exempt

28

1   from the overtime provisions of the FLSA and/or the applicable state wage and hour laws of

2   California, as described below.

3           8.     At all relevant times, Defendant has been the plan sponsor of the 401(k)

4   Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).  On information and

5   belief, Defendant has exercised actual responsibility, authority, and/or control with regard to the

6   crediting of compensation under the 401(k) Plan, thereby making it a fiduciary of that plans

7   within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

8           9.     On information and belief, Defendant, at all relevant times, has been and

9   continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the

10  administrator of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. §

11  1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29

12  U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C.

13  § 1002(21).

14          10.    At all relevant times, Plaintiffs were or are employees of Defendant, within

15  the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the 401(k) Plan within the

16  meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

17          11.    Cadence unlawfully classifies Plaintiffs as exempt from overtime payments

18  under federal and California Laws, despite the fact that they are not exempt.  Plaintiffs worked

19  overtime hours, as defined by the applicable federal and California laws, and are and have been

20  entitled to premium compensation at one and one-half times the regular hourly rate ("overtime

21  compensation") for those hours, and at twice the regular hourly rate for some overtime hours.

22          12.    Cadence has willfully refused to pay Plaintiffs the required overtime

23  compensation for overtime hours worked, and has failed to keep time records as required by law.

24          13.    Defendant has failed to keep records of Plaintiffs' overtime work.  In doing

25  so, Defendant has failed to comply with ERISA's requirement that they maintain records

26  sufficient to determine benefits due or which may become due under the 401(k) Plan, as required

27  under ERISA § 209, 29 U.S.C. § 1059.

28

14.     Defendant has failed to credit Plaintiffs for overtime work as Compensation under the 401(k) Plan.  In doing so, Defendant has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

15.     Defendant's practices violate the FLSA, ERISA, and the California laws pled herein.  Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Cadence, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

**THE PARTIES**

16.     Plaintiff Michael P. O'Connor was employed by Cadence in Chelmsford, Massachusetts  from approximately April 2001 to June 2006 as a Field Service Engineer.

17.     Plaintiff Timothy C. Whaley was employed by Cadence in San Jose, California from approximately September 2005 to May 2008 as a Field Service Engineer.

18.     Plaintiff Mario Espinoza-Alvarez has been employed by Cadence in San Jose, California since approximately May 1999 as a Field Service Engineer.

19.     Plaintiff Tsaichuan Kao has been employed by Cadence in San Jose, California since approximately March 2001 as a Field Service Engineer.

20.     Plaintiff Tri H. Dao has been employed by Cadence in San Jose, California since approximately September 2005 as a Field Service Engineer.

21.     Plaintiff Peter T. Edwards has been employed by Cadence in San Jose, California since approximately July 2001 as a Field Service Engineer.

22.     Plaintiff Ron Smith was employed by Cadence in Texas from approximately May 2004 to approximately June 2007 as a Field Service Engineer or Field Service Engineer manager.

23.     Plaintiffs Whaley, Espinoza-Alvarez, Kao, Dao, and Edwards are hereinafter referred to as "the California Plaintiffs."

24.     Plaintiffs had the primary duties of installing, upgrading, and repairing hardware systems created by Cadence for their customers.  Plaintiffs worked hours in excess of

- 3 -

1  forty hours per week and in excess of eight hours per day, without receiving overtime

2  compensation as required by both California and federal law.

3        25.    Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C.

4  § 216(b) and 256.

5        26.    Defendant Cadence is a computer hardware and software company that

6  provides computer services throughout the United States and the world.  Its corporate

7  headquarters are located in San Jose, California, and it is incorporated in Delaware.  The practices

8  described herein were performed in Cadence's offices in this district and throughout the United

9  States.

10                          **FIRST CLAIM FOR RELIEF**
                 **(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
11                          **Brought by All Plaintiffs)**

12        27.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as

13  if they were set forth again herein.

14        28.    At all relevant times, Cadence has been, and continues to be, an

15  "employer" engaged in interstate "commerce" and/or in the production of "goods" for

16  "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Cadence

17  has employed, and continues to employ, "employee[s]," including Plaintiffs.  At all relevant

18  times, Cadence has had gross operating revenues in excess of $500,000.

19        29.    Attached hereto is the Consent to Sue forms signed by Plaintiffs in this

20  action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

21        30.    The FLSA requires each covered employer, including Defendant Cadence,

22  to compensate all non-exempt employees at a rate of not less than one and one-half times the

23  regular rate of pay for work performed in excess of forty hours in a workweek.

24        31.    Plaintiffs are entitled to be paid overtime compensation for all overtime

25  hours worked during the Nationwide FLSA Period.

26

27

28

- 4 -

32.    At all relevant times, Cadence, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Plaintiffs for their hours worked in excess of forty hours per week during the Nationwide FLSA Period.

33.    By failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Cadence has violated, and continues to violate, the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

34.    By failing to record, report, and/or preserve records of hours worked by Plaintiffs, Cadence has failed to make, keep, and preserve records with respect to each of these Plaintiffs sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

35.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36.    Plaintiffs seek recovery of attorneys' fees and costs of action to be paid by Cadence, as provided by the FLSA, 29 U.S.C. § 216(b).

37.    Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
**Brought by the California Plaintiffs)**

38.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

39.    California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

1    40.    California Plaintiffs are non-exempt employees entitled to be paid overtime

2    compensation for all overtime hours worked.

3    41.    Throughout the California Period, and continuing through the present,

4    California Plaintiffs worked in excess of eight hours in a workday and/or forty hours in a

5    workweek.  California Plaintiffs also worked in excess of twelve hours in a workday.

6    42.    During the California Period, Defendant misclassified California Plaintiffs

7    and as exempt from overtime pay entitlement and failed and refused to pay them overtime

8    premium pay for their overtime hours worked.

9    43.    As a direct and proximate result of Defendant's unlawful conduct, as set

10    forth herein, California Plaintiffs have sustained damages, including loss of earnings for hours of

11    overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment

12    interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CLAIM FOR RELIEF
### (California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by the California Plaintiffs)

13

14

15

16    44.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as

    if they were set forth again herein.

17

18    45.    California Labor Code §§ 201 and 202 require Defendant to pay its

    employees all wages due within the time specified by law.  California Labor Code § 203 provides

19

20    that if an employer willfully fails to timely pay such wages, the employer must continue to pay

    the subject employees' wages until the back wages are paid in full or an action is commenced, up

21

22    to a maximum of thirty days of wages.

23    46.    California Plaintiffs who ceased employment with Cadence are entitled to

    unpaid compensation, but to date have not received such compensation.

24

25    47.    More than thirty days have passed since Plaintiff Whaley left Defendant's

    employ.

26

27    48.    As a consequence of Defendant's willful conduct in not paying

    compensation for all hours worked, California Plaintiffs whose employment ended within the

28

1    limitations period applicable to their wage claim are entitled to thirty days' wages under Labor

2    Code § 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
3    **(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
4    **Brought by the California Plaintiffs)**

5        49.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as

6    if they were set forth again herein.

7        50.    Defendant knowingly and intentionally failed to provide timely, accurate,

8    itemized wage statements including, *inter alia*, hours worked to California Plaintiffs in

9    accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to

10   Plaintiffs by, among other things, impeding them from knowing the amount of wages to which

11   they are and were entitled.  At all times relevant herein, Defendant has failed to maintain records

12   of hours worked by California Plaintiffs as required under Labor Code § 1174(d).

13       51.    California Plaintiffs are entitled to and seek injunctive relief requiring

14   Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount

15   provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or

16   fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars

17   ($100) per California Plaintiff for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
18   **(California Meal And Rest Period Provisions,**
19   **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by the California Plaintiffs)**
20

21       52.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as

22   if they were set forth again herein.

23       53.    California Plaintiffs regularly work and have worked in excess of five-hour

24   shifts without being afforded at least a half-hour meal break in which they were relieved of all

25   duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

26       54.    In addition, California Plaintiffs regularly work and have worked without

27   being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four

28

774560.2

1    hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and

2    Wage Order No. 4-2001, § 12.

3        55.    As a result of Defendant's failure to afford proper meal periods, it is liable

4    to California Plaintiffs for one hour of additional pay at the regular rate of compensation for each

5    workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and

6    Wage Order No. 4-2001, § 11(b).

7        56.    As a result of Defendant's failure to afford proper rest periods, it is liable to

8    California Plaintiffs for one hour of additional pay at the regular rate of compensation for each

9    workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and

10    Wage Order No. 4-2001, § 12(b).

11    **SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*,**

12    **Brought by the California Plaintiffs)**

13        57.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as

14    if they were set forth again herein.

15        58.    The foregoing conduct, as alleged, violates the California Unfair

16    Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Section 17200 of the Cal.

17    Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair

18    business acts or practices.

19        59.    Beginning at a date unknown to the California Plaintiffs, but at least as

20    long ago as four years before the filing of this action, Defendant committed, and continues to

21    commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in

22    the acts and practices described herein. Defendant's conduct as herein alleged has injured

23    California Plaintiffs by wrongfully denying them earned wages, and therefore was substantially

24    injurious to the California Plaintiffs.

25        60.    Defendant engaged in unfair competition in violation of the UCL by

26    violating, *inter alia*, each of the following laws. Each of these violations constitutes an

27    independent and separate violation of the UCL:

28

1      a.    The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

2      b.    California Labor Code § 1194;

3      c.    California Labor Code §§ 201, 202, 203, 204, and 226;

4      d.    California Labor Code § 1174; and

5      e.    California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

61.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

62.    California Plaintiffs seek recovery of attorneys' fees and costs of this action to be paid by Cadence, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

63.    The California Plaintiffs seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

## SEVENTH CLAIM FOR RELIEF
### (ERISA § 502(a)(3) Based on Failure to Maintain Records Brought by All Plaintiffs)

64.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

1    65.    ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer

2    which sponsors an employee benefit plan maintain records with respect to each of its employees

3    sufficient to determine the benefits due or which may become due to such employees.

4    66.    On information and belief, the 401(k) Plan is an employee pension benefit

5    plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan

6    within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

7    67.    Pursuant to the terms of the 401(k) Plan, employees' rights to share in the

8    contributions to the Plan are dependent, in part, on their Compensation, which is defined by

9    Section 1.1(j) of the Plan's governing instrument to include, among other things, employees'

10    overtime wages.

11    68.    By its failure to record and/or report all of the hours worked by Plaintiffs,

12    Defendant has failed to maintain records with respect to each of these Plaintiffs sufficient to

13    determine the benefit accrual rights of 401(k) Plan participants, in violation of ERISA

14    § 209(a)(1), 29 U.S.C. § 1059(a)(1).

15    69.    In order to remedy this violation of ERISA by Defendant, Plaintiffs seek

16    injunctive relief, and such other equitable relief as the Court deems just and proper, as provided

17    by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

18    70.    Plaintiffs seek recovery of their attorneys' fees and costs of action to be

19    paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

20    **EIGHTH CLAIM FOR RELIEF**
    **(ERISA § 1001 *et seq.*,**

21    **Brought by All Plaintiffs)**

22    71.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as

23    if they were set forth again herein.

24    72.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit

25    plan fiduciaries discharge their duties with respect to the plan solely in the interest of the

26    participants and beneficiaries and, *inter alia*, (1) for the exclusive purpose of providing benefits to

27    participants and their beneficiaries and defraying reasonable expenses of administration; (2) with

28    the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a

1   like capacity and familiar with such matters would use in the conduct of an enterprise of like

2   character and with like aims; and (3) in accordance with the documents and instruments

3   governing the plan.

4          73.    On information and belief, Article 5 and Article 6 of the governing

5   instrument of the 401(k) Plan confers on Defendant discretionary authority, responsibility, and/or

6   control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in

7   that regard.

8          74.    On further information and belief, Defendant has exercised actual

9   discretionary authority, responsibility, and/or control in determining what compensation would

10  and would not be credited under the 401(k) Plan.  By reason of the exercise of such discretion,

11  Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

12         75.    Defendant has breached its fiduciary duties by failing to credit

13  compensation due for overtime performed by the Plaintiffs as Compensation under the 401(k)

14  Plan.

15         76.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiffs  seek

16  an injunction requiring Defendant to credit them with Compensation under the 401(k) Plan for all

17  of the past and future overtime work and any such other equitable relief as this Court deems

18  appropriate.

19         77.    Plaintiffs seek recovery of their attorneys' fees and costs of action to be

20  paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

21                          **PRAYER FOR RELIEF**

22         WHEREFORE, Plaintiffs pray for relief as follows:

23         A.     A declaratory judgment that the practices complained of herein are

24  unlawful under the FLSA;

25         B.     An award of damages, according to proof, including liquidated damages, to

26  be paid by Defendant;

27         C.     Costs of action incurred herein, including expert fees;

28         D.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

1        E.    Post-Judgment interest, as provided by law; and

2        F.    Such other legal equitable relief as this Court deems necessary, just, and

3    proper.

4        WHEREFORE, the California Plaintiffs pray for relief as follows:

5        G.    A declaratory judgment that the practices complained of herein are

6    unlawful under California law;

7        H.    Appropriate equitable and injunctive relief to remedy Defendant's

8    violations of California law, including but not necessarily limited to an order enjoining Defendant

9    from continuing its unlawful practices;

10       I.    Appropriate statutory penalties;

11       J.    Damages and restitution, including waiting time penalties, meal and rest

12   break violation payments, record-keeping penalties, and overtime wages to be paid by Defendant

13   according to proof;

14       K.    Pre-Judgment and Post-Judgment interest, as provided by law;

15       L.    Such other injunctive and equitable relief as the Court may deem just and

16   proper; and

17       M.    Attorneys' fees and costs of suit, including expert fees and fees.

18       WHEREFORE, Plaintiffs pray for relief as follows:

19       N.    A declaration that the practices complained of herein violate ERISA

20   § 209(a), 29 U.S.C. § 1129(a);

21       O.    Appropriate equitable and injunctive relief to remedy Defendant's

22   violations of ERISA § 209(a);

23       P.    A declaration that Defendant has breached its fiduciary duties by failing to

24   credit the Plaintiffs with Compensation for all work performed, as required by ERISA and the

25   terms of the 401(k) Plan;

26       Q.    An order requiring that Defendant remedy its breaches of fiduciary duty by

27   crediting Plaintiffs with Compensation for all of their past, present, and future uncompensated

28   work;

1    R.    Attorneys' fees and costs of suit; and

2    S.    Such other injunctive and equitable relief as the Court may deem

3    necessary, just, and proper.

4                                    Respectfully submitted,

5

6    Dated:  July 22, 2008          By: _____
                                        Jahan C. Sagafi
7
     Kelly M. Dermody (SBN 171716)
8    Jahan C. Sagafi (SBN 224887)
     LIEFF, CABRASER, HEIMANN &
9        BERNSTEIN, LLP
     275 Battery Street, 30th Floor
10   San Francisco, CA 94111-3339
     Telephone:  (415) 956-1000
11   Facsimile:  (415) 956-1008
     E-Mail: kdermody@lchb.com
12   E-Mail: jsagafi@lchb.com

13   James M. Finberg (SBN 114850)
     Peter E. Leckman (SBN 235721)
14   ALTSHULER BERZON LLP
     177 Post Street, Suite 300
15   San Francisco, CA  94108
     Telephone:  (415) 421-7151
16   Facsimile:  (415) 362-8064
     E-Mail: jfinberg@altber.com
17   E-Mail: pleckman@altber.com

18   *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

28

774560.2

COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, & CALIFORNIA LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

  Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

             Respectfully submitted,

Dated:  July 22, 2008      By: _____
                Jahan C. Sagafi

Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

James M. Finberg (SBN 114850)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064
E-Mail: jfinberg@altber.com
E-Mail: pleckman@altber.com

*Attorneys for Plaintiffs*

774560.2

COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, & CALIFORNIA LAW

ORIGINAL

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith

**DEFENDANTS**

Cadence Design Systems, Inc.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Hillsborough County (New Hampshire)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See attachment

Attorneys (If Known)

See attachment

C08-3513 HRL

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

JUDGE WARE

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FLSA (29 U.S.C. § 216) and ERISA (29 U.S.C. § 1132)

Brief description of cause:
Action by field technical support workers seeking overtime pay not paid due to misclassification as exempt

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Higazi v. Cadence Design Systems, Inc., Case No. 07-2813 JW

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE

DATE
July 22, 2008

SIGNATURE OF ATTORNEY OF RECORD

## CIVIL COVER SHEET
### Attachment

**Section I.(c):**

Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

James M. Finberg (SBN 114850)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

*Attorneys for Plaintiffs*

M. Kirby C. Wilcox (SBN 78576)
Jeffrey D. Wohl (SBN 96838)
Molly A. Harcos (SBN 233556)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California  94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

*Attorneys for Defendants*

627551.1