1  Kelly M. Dermody (Cal. Bar No. 171716)
   Jahan C. Sagafi (Cal. Bar No. 224887)
2  LIEFF, CABRASER, HEIMANN &
      BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5  E-Mail: kdermody@lchb.com
   E-Mail: jsagafi@lchb.com
6
   James M. Finberg (SBN 114850)
7  Peter E. Leckman (SBN 235721)
   ALTSHULER BERZON LLP
8  177 Post Street, Suite 300
   San Francisco, CA  94108
9  Telephone:  (415) 421-7151
   Facsimile:   (415) 362-8064
10 E-Mail: jfinberg@altber.com
   E-Mail: pleckman@altber.com
11
   *Attorneys for Plaintiffs Michael P.
12 O'Connor, Timothy C. Whaley, Mario
   Espinoza-Alvarez, Tsaichuan Kao, Tri H.
13 Dao, Peter T. Edwards, and Ron Smith*

M. Kirby C. Wilcox (SBN 78576)
Jeffrey D. Wohl (SBN 96838)
Molly A. Harcos (SBN 233556)
PAUL, HASTINGS, JANOFSKY & WALKER
   LLP
55 Second Street, 24th Floor
San Francisco, California  94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-Mail: kirbywilcox@paulhastings.com
E-Mail: jeffwohl@paulhastings.com
E-Mail: mollyharcos@paulhastings.com

*Attorneys for Defendant Cadence Design Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| AHMED HIGAZI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CADENCE DESIGN SYSTEMS, INC.,<br><br>Defendant. | No. 07-2813-JW<br><br>**JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12**<br><br>The Honorable James Ware |
| MICHAEL P. O'CONNOR, TIMOTHY C. WHALEY, MARIO ESPINOZA-ALVAREZ, TSAICHAUN KAO, TRI H. DAO, PETER T. EDWARDS, and RON SMITH<br><br>Plaintiffs,<br><br>v.<br><br>CADENCE DESIGN SYSTEMS, INC.,<br><br>Defendant. | Case No. 08-3513 HRL |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE**, pursuant to Local Rules 7-11 and 3-12, Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith, who are plaintiffs in *Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith v. Cadence Design Systems, Inc.*, Case No. 08-3513 HRL (N.D. Cal.) ("*O'Connor*") ("Plaintiffs") and Cadence Design Systems, Inc. ("Cadence") (collectively, "the parties") respectfully request that the case (a) be deemed related to *Higazi v. Cadence Design Systems, Inc.,* Case No. 07-2813-JW (N.D. Cal.) ("*Higazi*"), and (b) be reassigned to Judge Ware, who presides over *Higazi*, which is the earlier-filed case. *O'Connor* and *Higazi* are related because "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civil L. R. 3-12(a). This Administrative Motion is supported by the Declaration of Jahan C. Sagafi and a Stipulation and Proposed Order, filed herewith.

Chambers copies of this Administrative Motion and supporting documents are being provided to the Courts in both *O'Connor* and *Higazi*.

**I.   ARGUMENT**

By way of background, the parties' counsel recently reached a class-action settlement of approximately $7.7 million on behalf of 207 Cadence employees in *Higazi*. Judge Ware granted final approval of that settlement on July 7, 2008. Separately, another 7 Cadence employees approached Plaintiffs' counsel in *Higazi* seeking representation on closely similar claims, and thereafter filed the *O'Connor* action. The parties have reached a settlement of the claims asserted in *O'Connor* that is based on and substantially similar to the *Higazi* settlement. However, the *O'Connor* case is an individual case, not a class action.

The parties bring this motion seeking reassignment of *O'Connor* to Judge Ware (who has presided over *Higazi*) to facilitate the prompt finalization of the *O'Connor* settlement.

### A. The Parties Agree That Relation Of *O'Connor* To *Higazi* Is Appropriate And Will Promote Efficiency For The Court And Parties.

Most importantly, the parties agree that relation of *O'Connor* to *Higazi* is appropriate and will promote efficiency for the court and parties. The parties request relation to facilitate the presentation to the Court of the settlement of *O'Connor*. The parties are currently finalizing the language of a settlement agreement resolving the claims of all seven plaintiffs in *O'Connor*, which they hope to present to the Court this Friday, July 25, 2008. The terms of the settlement provide for the settlement to be effective only if the Court enters judgment approving the settlement by Friday, August 15, 2008. Thus, if the settlement is not reached by August 15, 2008, the *O'Connor* plaintiffs receive no relief, and Cadence receives no peace as to these claims.

Therefore, the parties endeavor to present the settlement to Judge Ware as soon as possible. Judge Ware is already familiar with the related *Higazi* litigation.

### B. *Higazi* And *O'Connor* Involve Substantially The Same Transactions, Events, And Parties.

First, both *Higazi* and *O'Connor* involve substantially the same transactions or events. Specifically, both cases involve allegations by workers employed by Cadence—whose duties were to support, install, and maintain software and/or hardware—that Cadence misclassified them as exempt from the overtime pay requirements of the Fair Labor Standards Act, and that they worked overtime hours for which they were not compensated. Cadence's policies and procedures regarding exemption classification decisions, the nature of the work performed by IT employees and those performing IT work outside the IT department, and the overtime hours worked by such employees are among the issues central to the subject matter of both *Higazi* and *O'Connor*.

Second, both cases involve identical defendants (Cadence, and no other defendants).

**C.  Referral of *O'Connor* To Judge Ware Will Avoid Unduly Burdensome Duplication Of Labor And Expense As Well As Conflicting Results.**

The parties in *O'Connor* have reached a tentative settlement of the claims at issue, and seek to present the settlement to Judge Ware for his approval pursuant to the Fair Labor Standards Act.  Earlier this month, Judge Ware reviewed and granted final approval of a class action settlement in which the plaintiff class members were technology support worker colleagues of the seven plaintiffs in *O'Connor*.  Judge Ware oversaw the *Higazi* case for just over a year.  If not assigned to Judge Ware, a second judge will have to review many of the same facts, issues, applicable laws and legal authorities in dispute, which Judge Ware previously considered in the *Higazi* action.  Thus, it would be "an unduly burdensome duplication of labor and expense."  The parties believe that Judge Ware's familiarity with the issues in *Higazi* make him best situated to grant the parties' request for approval of the individual settlements in *O'Connor*.  Thus, coordination will promote efficiency.

**II.  CONCLUSION**

In sum, the parties and the Court would benefit from assignment of *O'Connor* to Judge Ware.  This will allow the parties to present the settlement expeditiously, so that the individual *O'Connor* plaintiffs may benefit from a settlement similar to and based on the *Higazi* settlement that their colleagues are benefiting from.

For the reasons set forth above, the parties respectfully request that *O'Connor* be assigned to Judge Ware for all purposes.

774815.2                                   - 4 -                    JOINT ADMIN. MOT. TO CONSIDER WHETHER
                                                                                 CASES SHOULD BE RELATED PER L.R. 3-12
                                                                                 CASE NO. 08-3513 HRL

Respectfully submitted,

Dated: July 23, 2008         By: */s/ Jahan C. Sagafi*
                                  Jahan C. Sagafi

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

James M. Finberg (SBN 114850)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone: (415) 421-7151
Facsimile:   (415) 362-8064
E-Mail: jfinberg@altber.com
E-Mail: pleckman@altber.com

*Attorneys for Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith*

Dated: July 23, 2008         By: */s/ Jeffrey D. Wohl*
                                  Jeffrey D. Wohl

M. Kirby C. Wilcox (SBN 78576)
Jeffrey D. Wohl (SBN 96838)
Molly A. Harcos (SBN 233556)
PAUL, HASTINGS, JANOFSKY & WALKER
  LLP
55 Second Street, 24th Floor
San Francisco, California  94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-Mail: kirbywilcox@paulhastings.com
E-Mail: jeffwohl@paulhastings.com
E-Mail: mollyharcos@paulhastings.com

*Attorneys for Defendant Cadence Design Systems, Inc.*