KELLY M. DERMODY (SBN 171716)
JAHAN C. SAGAFI (SBN 224887)
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-mails: kdermody@lchb.com
jsagafi@lchb.com

JAMES M. FINBERG (SBN 114850)
PETER E. LECKMAN (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mails: jfinberg@altshulerberzon.com
pleckman@altshulerberzon.com

Attorneys for Plaintiffs
Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith

M. KIRBY C. WILCOX (SBN 78576)
JEFFREY D. WOHL (SBN 96838)
MOLLY A. HARCOS (SBN 233556)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-mails: kirbywilcox@paulhastings.com
jeffwohl@paulhastings.com
mollyharcos@paulhastings.com

Attorneys for
Defendant Cadence Design Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL P. O'CONNOR, TIMOTHY C. WHALEY, MARIO ESPINOZA-ALVAREZ, TSAICHUAN KAO, TRI H. DAO, PETER T. EDWARD, and RON SMITH,

Plaintiffs,

v.

CADENCE DESIGN SYSTEMS, INC.,

Defendant.

No. C-08-3513-JW

**STIPULATION OF SETTLEMENT**

Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith ("Plaintiffs") and defendant Cadence Systems, Inc. ("Cadence") (collectively the "Parties"), enter into the following stipulation of settlement (the "Stipulation"):

1. Plaintiffs are current or former Field Service Engineers employed by Cadence over part or all of the period since May 30, 2003. In their complaint in this action ("Action"), Plaintiffs allege that Cadence misclassified them as exempt from overtime under the Fair Labor Standards Act (the "FLSA") and California wage-and-hour law, failed to pay them overtime compensation, failed to provide them with required meal periods and rest breaks, failed to render proper wage statements, and failed to credit them with all of the benefits to which they were entitled based on the wages they actually earned in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs seek to recover unpaid wages, interest, penalties, and attorneys' fees and costs.

2. Other than their specific positions of employment at issue, Plaintiffs' claims in all material respects resemble those of the settlement class in *Ahmed Higazi, on behalf of himself and a class of those similarly situated, Plaintiff, v. Cadence Design Systems, Inc., Defendant*, U.S.D.C., N.D. Cal., No. C-07-2813-JW ("*Higazi*").

3. On July 7, 2008, this Court granted final approval of the class action settlement of *Higazi* (*see Higazi*, Docket No. 72).

4. Although Plaintiffs were not members of the *Higazi* class settlement, after lengthy, good-faith, arms-length negotiations in which each side was represented by counsel, the Parties have agreed to settle Plaintiffs' claims on materially the same terms as those of the *Higazi* settlement, subject to the Court's approval of this Stipulation. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945); *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

5. The terms of the Parties' settlement are as follows:

6. Within five business days after the later of (a) the date the Court enters its judgment approving this Stipulation in the form evidenced by Exhibit A to this Stipulation (the "Judgment"), or (b) the date Cadence receives fully completed and executed IRS Form W-9's from all Plaintiffs who are

no longer employed by Cadence, Cadence will pay to Plaintiffs the amounts shown below, which were calculated based on the number of work weeks they worked at Cadence during the period starting at the commencement of the longest limitations period applicable to their claims and ending on July 1, 2008; plus, for plaintiffs Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, and Peter T. Edwards, who currently are employed by Cadence, an additional total amount of $22.40 each, for each day after July 1, 2008, up to the date that the Court enters the Judgment, but not later than August 15, 2008:

| | |
|---|---|
| O'Connor, Michael P. | $6,704.70 |
| Whaley, Timothy C. | $23,804.35 |
| Espinoza-Alvarez, Mario | $45,123.72 |
| Kao, Tsaichuan | $45,123.72 |
| Dao, Tri H. | $24,974.36 |
| Edwards, Peter T. | $2,143.88 |
| Smith, Ron | $10,125.28 |

One-half of these amounts are paid in settlement of Plaintiffs' claims for unpaid wages, and as to that portion Cadence will take applicable payroll tax withholding and deductions, pay the employer's share of payroll taxes, and issue Form W-2s to Plaintiffs. One-half of these amounts are paid in settlement of Plaintiffs' claims for interest and penalties, and as to that portion Cadence will not take any applicable payroll tax withholding and deductions and instead will issue Form 1099s to Plaintiffs reporting those payments.

7. Within five business days after the later of (a) the date Court enters the Judgment, or (b) the date Cadence receives a fully completed and executed IRS Form W-9 from Plaintiffs' counsel's firm, Cadence will pay to Plaintiffs attorneys' fees and costs in the amount of $32,000. Cadence will issue to Plaintiffs' counsel and Plaintiffs Form 1099s reporting that payment.

8. Within five business days after the Court enters the Judgment, Cadence will pay to the California Labor and Workforce Development Agency (the "LWDA") $450 for the LWDA's share of the settlement of Plaintiffs' claim for civil penalties under the California Labor Code Private Attorneys General Act ("PAGA").

9. Cadence will make a good faith effort to satisfy the Judgment by providing checks to (1)

the Plaintiffs, and (2) the Plaintiffs' counsel for the attorneys' fees and cost payment within five court days of the date on which the Court enters Judgment. Cadence will provide the checks to Plaintiffs Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, and Peter T. Edwards (the current employee Plaintiffs) by delivering the checks through interoffice mail. Cadence will provide the checks to Plaintiffs Michael O'Connor, Timothy Whaley, Ron Smith, and Plaintiffs' counsel by Federal Express or hand delivery.

10. Post-judgment interest on the Court's Judgment will not accrue during the first five court days following the date of entry of the Judgment; thereafter, if the Judgment remains unsatisfied, post-judgment interest will accrue on the amounts due under the Judgment at the simple rate of 10 percent *per annum*, prorated by day.

11. Plaintiffs will be responsible for all tax liability they may bear with respect to the payments under this Stipulation. This responsibility does not include responsibility for the employer's share of payroll taxes.

12. In consideration of the payments made to them and the other terms and conditions of the Stipulation, as of the date the Judgment is entered by the Court, each and every Plaintiff, on behalf of himself or herself and his or her heirs and assigns, hereby releases Cadence and its former and current parents, subsidiaries, and affiliates, officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives (the "Cadence Parties") from the following claims, causes of action, demands, rights, and liabilities of every nature and description, whether known or unknown ("Claims") that arise from any act or omission occurring on or before the Judgment is entered by the Court that was taken on the basis that the Plaintiff was misclassified as exempt under federal or state law while employed at Cadence as a Field Service Engineer or Field Service Engineer Manager, including but not limited to (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to provide meal periods and rest breaks, (iii) the alleged failure to provide itemized wage statements, or (iv) the alleged failure to provide benefits:

    a. any and all applicable federal wage-and-hour Claims, including, without limitation, claims arising under the FLSA;

    b. any and all wage-and-hour Claims arising under the laws of the State of

California and the laws of all other States, including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief;

c. any and all Claims for unfair business practices or unfair competition, including, without limitation, claims arising under California Government Code section 17200 *et seq.*; and

d. any and all Claims for benefits, including without limitation claims arising under ERISA.

13. In consideration of their attorneys' fees payment, as of the date the Court enters the Judgment, Plaintiffs' counsel hereby releases any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses against the Cadence Parties arising from or related to this action, including but not limited claims based on the FLSA, the California Labor Code, or any other statute or law (the "Counsel's Released Claims").

14. Plaintiffs' Released Claims and Counsel's Released Claims include all such claims, whether known or unknown by the releasing party. Thus, even if Plaintiff or Plaintiffs' counsel discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of their respective released claims, those claims will remain released and forever barred. Therefore, Plaintiffs and Plaintiffs' counsel expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule. Section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

15. If for whatever reason the Court does not enter the Judgment, or does not do so by August 15, 2008, then this Stipulation and the settlement it embodies will be null and void, and none of the Parties may make any use of the Stipulation in the Action.

16. With the Court's entry of the Judgment, this Action will be dismissed with prejudice, each side to bearing its own costs and attorneys' fees except as provided by this Stipulation.

17. This Stipulation reflects a compromise of highly disputed claims. Cadence denies that Plaintiffs are or were misclassified as exempt from overtime and denies that it bears any liability to Plaintiffs for overtime wages, interest, penalties, or any other sum. This Stipulation and any act taken pursuant to it will not be admissible by any Party or any third-party in the Action or any other proceeding to show the value or lack of value of any claim asserted by Plaintiffs or any liability allegedly borne to Plaintiffs by Cadence.

18. The Parties' Stipulation is a fair and reasonable compromise of Plaintiffs' claims.

19. At all times in connection with the negotiation, drafting, and execution of the Stipulation, Plaintiffs have been represented by competent counsel who have fully advised plaintiffs about the Stipulation.

20. This Stipulation will not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Stipulation.

21. This Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

22. All terms and conditions of this Stipulation and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law or choice of law principles.

23. This Stipulation constitutes the entire agreement between the Parties relating to the Stipulation and transactions contemplated by the Stipulation. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, are merged into this Stipulation. No rights under this Stipulation may be waived except in writing.

24. This Stipulation will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

25. This Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Stipulation, which will be binding upon and

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008. MICHAEL P. O'CONNOR

______________________________

Dated: July ___, 2008. TIMOTHY C. WHALEY

______________________________

Dated: July ___, 2008. MARIO ESPINOZA-ALVAREZ

______________________________

Dated: July ___, 2008. TSAICHUAN KAO

______________________________

Dated: July ___, 2008. TRI H. DAO

______________________________

Dated: July ___, 2008. PETER T. EDWARDS

______________________________

Dated: July ___, 2008. RON SMITH

______________________________

Dated: July ___, 2008. CADENCE DESIGN SYSTEMS, INC.

By: ______________________________

______________________

______________________

Dated: July ___, 2008.

JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

By: ______________________________

Jahan C. Sagafi
Attorneys for Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith

Dated: July __, 2008.

M. KIRBY C. WILCOX
JEFFREY D. WOHL
MOLLY A HARCOS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: ______________________________

Jeffrey D. Wohl
Attorneys for Defendant
Cadence Design Systems, Inc.

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July 25, 2008.

MICHAEL P. O'CONNOR

Michael P. O'Connor

Dated: July ___, 2008.

TIMOTHY C. WHALEY

______________________

Dated: July ___, 2008.

MARIO ESPINOZA-ALVAREZ

______________________

Dated: July ___, 2008.

TSAICHAUN KAO

______________________

Dated: July ___, 2008.

TRI H. DAO

______________________

Dated: July ___, 2008.

PETER T. EDWARDS

______________________

Dated: July ___, 2008.

RON SMITH

______________________

Dated: July ___, 2008.

CADENCE DESIGN SYSTEMS, INC.

By: ______________________

______________________

______________________

Dated: July ___, 2008.

JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

Stipulation. No rights under this Stipulation may be waived except in writing.

24. This Stipulation will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

25. This Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Stipulation, which will be binding upon and effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008.

MICHAEL P. O'CONNOR

______________________

Dated: July 25, 2008.

TIMOTHY C. WHALEY

______________________

Dated: July ___, 2008.

MARIO ESPINOZA-ALVAREZ

______________________

Dated: July ___, 2008.

TSAICHAUN KAO

______________________

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ____, 2008. MICHAEL P. O'CONNOR

______________________________

Dated: July ____, 2008. TIMOTHY C. WHALEY

______________________________

Dated: July 25, 2008. MARIO ESPINOZA-ALVAREZ

______________________________

Dated: July ____, 2008. TSAICHAUN KAO

______________________________

Dated: July ____, 2008. TRI H. DAO

______________________________

Dated: July ____, 2008. PETER T. EDWARDS

______________________________

Dated: July ____, 2008. RON SMITH

______________________________

Dated: July ____, 2008. CADENCE DESIGN SYSTEMS, INC.

By: ______________________________

______________________

______________________

Dated: July ____, 2008.

JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008. MICHAEL P. O'CONNOR

_______________________

Dated: July ___, 2008. TIMOTHY C. WHALEY

_______________________

Dated: July ___, 2008. MARIO ESPINOZA-ALVAREZ

_______________________

Dated: July 28, 2008. TSAICHUAN KAO

Tsai Chuan Kao

Dated: July ___, 2008. TRI H. DAO

_______________________

Dated: July ___, 2008. PETER T. EDWARDS

_______________________

Dated: July ___, 2008. RON SMITH

_______________________

Dated: July ___, 2008. CADENCE DESIGN SYSTEMS, INC.

By: _______________________

_______________________

_______________________

Dated: July ___, 2008. JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008. MICHAEL P. O'CONNOR

______________________________

Dated: July ___, 2008. TIMOTHY C. WHALEY

______________________________

Dated: July ___, 2008. MARIO ESPINOZA-ALVAREZ

______________________________

Dated: July ___, 2008. TSAICHAUN KAO

______________________________

Dated: July 25, 2008. TRI H. DAO

______________________________

Dated: July ___, 2008. PETER T. EDWARDS

______________________________

Dated: July ___, 2008. RON SMITH

______________________________

Dated: July ___, 2008. CADENCE DESIGN SYSTEMS, INC.

By: ______________________________

______________________________

______________________________

Dated: July ___, 2008.

JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008. MICHAEL P. O'CONNOR

______________________________

Dated: July ___, 2008. TIMOTHY C. WHALEY

______________________________

Dated: July ___, 2008. MARIO ESPINOZA-ALVAREZ

______________________________

Dated: July ___, 2008. TSAICHAUN KAO

______________________________

Dated: July ___, 2008. TRI H. DAO

______________________________

Dated: July 22, 2008. PETER T. EDWARDS

PTEdwards
______________________________

Dated: July ___, 2008. RON SMITH

______________________________

Dated: July ___, 2008. CADENCE DESIGN SYSTEMS, INC.

By: ______________________________

______________________________

______________________________

Dated: July ___, 2008.

JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008. MICHAEL P. O'CONNOR

_______________________________

Dated: July ___, 2008. TIMOTHY C. WHALEY

_______________________________

Dated: July ___, 2008. MARIO ESPINOZA-ALVAREZ

_______________________________

Dated: July ___, 2008. TSAICHAUN KAO

_______________________________

Dated: July ___, 2008. TRI H. DAO

_______________________________

Dated: July ___, 2008. PETER T. EDWARDS

_______________________________

Dated: July 25, 2008. RON SMITH

Ron Smith

Dated: July ___, 2008. CADENCE DESIGN SYSTEMS, INC.

By: _______________________________

_______________________________

_______________________________

Dated: July ___, 2008.

JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008. MICHAEL P. O'CONNOR

_______________________

Dated: July ___, 2008. TIMOTHY C. WHALEY

_______________________

Dated: July ___, 2008. MARIO ESPINOZA-ALVAREZ

_______________________

Dated: July ___, 2008. TSAICHAUN KAO

_______________________

Dated: July ___, 2008. TRI H. DAO

_______________________

Dated: July ___, 2008. PETER T. EDWARDS

_______________________

Dated: July ___, 2008. RON SMITH

_______________________

Dated: July ___, 2008. CADENCE DESIGN SYSTEMS, INC.

By: [signature]

SENIOR VICE PRESIDENT
GLOBAL HUMAN RESOURCES

Dated: July 25, 2008.

JAMES M. FINBERG
PETER E. LECKMAN
ALTSHULER BERZON LLP

KELLY M. DERMODY
JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

By: ______________________________
Jahan C. Sagafi
Attorneys for Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith

Dated: July __, 2008.

M. KIRBY C. WILCOX
JEFFREY D. WOHL
MOLLY A HARCOS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: ______________________________
Jeffrey D. Wohl
Attorneys for Defendant
Cadence Design Systems, Inc.

07/25/2008 01:29 FAX 18587202555 PAUL HASTINGS 002

By: ______________________
Jahan C. Sagafi
Attorneys for Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichaun Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith

Dated: July 25, 2008.

M. KIRBY C. WILCOX
JEFFREY D. WOHL
MOLLY A HARCOS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: ______________________
Jeffrey D. Wohl
Attorneys for Defendant
Cadence Design Systems, Inc.

LEGAL US W # 59482791.6
7
STIPULATION OF SETTLEMENT
U.S.D.C., N.D. Cal., No. C-08-3513-JW

PAGE 2/2 * RCVD AT 7/25/2008 1:28:23 PM [Pacific Daylight Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:18587202555 * DURATION (mm-ss):01-04

**EXHIBIT A**

KELLY M. DERMODY (SBN 171716)
JAHAN C. SAGAFI (SBN 224887)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-mails: kdermody@lchb.com
jsagafi@lchb.com

JAMES M. FINBERG (SBN 114850)
PETER E. LECKMAN (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mails: jfinberg@altshulerberzon.com
pleckman@altshulerberzon.com

Attorneys for Plaintiffs
Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith

M. KIRBY C. WILCOX (SBN 78576)
JEFFREY D. WOHL (SBN 96838)
MOLLY A. HARCOS (SBN 233556)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-mails: kirbywilcox@paulhastings.com
jeffwohl@paulhastings.com
mollyharcos@paulhastings.com

Attorneys for Defendant Cadence Design Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL P. O'CONNOR, TIMOTHY C. WHALEY, MARIO ESPINOZA-ALVAREZ, TSAICHUAN KAO, TRI H. DAO, PETER T. EDWARD, AND RON SMITH,

Plaintiffs,

v.

CADENCE DESIGN SYSTEMS, INC.,

Defendant.

No. C-08-3513-JW

**JUDGMENT APPROVING SETTLEMENT**

Pursuant to the Stipulation of Settlement ("Stipulation") entered into by plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards, and Ron Smith ("Plaintiffs"), defendant Cadence Design Systems, Inc. ("Cadence"), and their respective counsel, and good cause appearing therefor,

IT IS ORDERED, ADJUDGED AND DECREED:

1. The parties' Stipulation is a good-faith, arms-length settlement of Plaintiffs' claims in this action.

2. The parties' Stipulation is a fair and reasonable compromise of Plaintiffs' claims.

3. At all times in connection with the negotiation, drafting, and execution of the Stipulation, Plaintiffs have been represented by competent counsel who have fully advised Plaintiffs about the Stipulation.

4. Plaintiffs have agreed to the Stipulation.

5. The proposed payment to the California Labor and Workforce Development Agency ("the LWDA") of $450 is a fair and reasonable settlement of the LWDA's share of civil penalties under the California Labor Code Private Attorneys' General Act.

6. Accordingly, the Court approves the Stipulation and adopts it as the Court's judgment in this matter.

7. Pursuant to the Stipulation, this action is dismissed with prejudice, each side to bear its own costs and attorneys' fees.

Dated: July ___, 2008.

______________________________________
James Ware
United States District Judge