1  KELLY M. DERMODY (SBN 171716)
   JAHAN C. SAGAFI (SBN 224887)
2  LIEFF, CABRASER, HEIMANN
   & BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, California  94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
5  E-mails:  kdermody@lchb.com
            jsagafi@lchb.com
6
   JAMES M. FINBERG (SBN 114850)        M. KIRBY C. WILCOX (SBN 78576)
7  PETER E. LECKMAN (SBN 235721)        JEFFREY D. WOHL (SBN 96838)
   ALTSHULER BERZON LLP                 MOLLY A. HARCOS (SBN 233556)
8  177 Post Street, Suite 300           PAUL, HASTINGS, JANOFSKY & WALKER LLP
   San Francisco, California  94108     55 Second Street, 24th Floor
9  Telephone: (415) 421-7151            San Francisco, California  94105
   Facsimile: (415) 362-8064            Telephone: (415) 856-7000
10 E-mails:  jfinberg@altshulerberzon.com   Facsimile: (415) 856-7100
            pleckman@altshulerberzon.com    E-mails:  kirbywilcox@paulhastings.com
11                                               jeffwohl@paulhastings.com
   Attorneys for Plaintiffs                     mollyharcos@paulhastings.com
12 Michael P. O'Connor, Timothy C. Whaley,
   Mario Espinoza-Alvarez, Tsaichuan Kao,    Attorneys for
13 Tri H. Dao, Peter T. Edwards, and Ron    Defendant Cadence Design Systems, Inc.
   Smith
14
15
16              UNITED STATES DISTRICT COURT
17            NORTHERN DISTRICT OF CALIFORNIA
18                  SAN JOSE DIVISION
19

20 MICHAEL P. O'CONNOR, TIMOTHY C.     No. C-08-3513-JW
   WHALEY, MARIO ESPINOZA-
21 ALVAREZ, TSAICHUAN KAO, TRI H.     **STIPULATION OF SETTLEMENT**
   DAO, PETER T. EDWARD, and RON
22 SMITH,

23          Plaintiffs,

24     v.

25 CADENCE DESIGN SYSTEMS, INC.,

26          Defendant.

27

28

1    Plaintiffs Michael P. O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao,

2    Tri H. Dao, Peter T. Edwards, and Ron Smith ("Plaintiffs") and defendant Cadence Systems, Inc.

3    ("Cadence") (collectively the "Parties"), enter into the following stipulation of settlement (the

4    "Stipulation"):

5    1.    Plaintiffs are current or former Field Service Engineers employed by Cadence over part

6    or all of the period since May 30, 2003.  In their complaint in this action ("Action"), Plaintiffs allege that

7    Cadence misclassified them as exempt from overtime under the Fair Labor Standards Act (the "FLSA")

8    and California wage-and-hour law, failed to pay them overtime compensation, failed to provide them

9    with required meal periods and rest breaks, failed to render proper wage statements, and failed to credit

10   them with all of the benefits to which they were entitled based on the wages they actually earned in

11   violation of the Employee Retirement Income Security Act of 1974 ("ERISA").  Plaintiffs seek to

12   recover unpaid wages, interest, penalties, and attorneys' fees and costs.

13   2.    Other than their specific positions of employment at issue, Plaintiffs' claims in all

14   material respects resemble those of the settlement class in *Ahmed Higazi, on behalf of himself and a*

15   *class of those similarly situated, Plaintiff, v. Cadence Design Systems, Inc., Defendant*, U.S.D.C., N.D.

16   Cal., No. C-07-2813-JW ("*Higazi*").

17   3.    On July 7, 2008, this Court granted final approval of the class action settlement of *Higazi*

18   (*see Higazi*, Docket No. 72).

19   4.    Although Plaintiffs were not members of the *Higazi* class settlement, after lengthy, good-

20   faith, arms-length negotiations in which each side was represented by counsel, the Parties have agreed to

21   settle Plaintiffs' claims on materially the same terms as those of the *Higazi* settlement, subject to the

22   Court's approval of this Stipulation.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945);

23   *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corp.*, 163

24   F.2d 960, 961 (5th Cir. 1947).

25   5.    The terms of the Parties' settlement are as follows:

26   6.    Within five business days after the later of (a) the date the Court enters its judgment

27   approving this Stipulation in the form evidenced by Exhibit A to this Stipulation (the "Judgment"), or

28   (b) the date Cadence receives fully completed and executed IRS Form W-9's from all Plaintiffs who are

1   no longer employed by Cadence, Cadence will pay to Plaintiffs the amounts shown below, which were

2   calculated based on the number of work weeks they worked at Cadence during the period starting at the

3   commencement of the longest limitations period applicable to their claims and ending on July 1, 2008;

4   plus, for plaintiffs Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, and Peter T. Edwards, who

5   currently are employed by Cadence, an additional total amount of $22.40 each, for each day after July 1,

6   2008, up to the date that the Court enters the Judgment, but not later than August 15, 2008:

7       O'Connor, Michael P.              $6,704.70

8       Whaley, Timothy C.                $23,804.35

9       Espinoza-Alvarez, Mario           $45,123.72

10      Kao, Tsaichuan                    $45,123.72

11      Dao, Tri H.                       $24,974.36

12      Edwards, Peter T.                 $2,143.88

13      Smith, Ron                        $10,125.28

14  One-half of these amounts are paid in settlement of Plaintiffs' claims for unpaid wages, and as to that

15  portion Cadence will take applicable payroll tax withholding and deductions, pay the employer's share

16  of payroll taxes, and issue Form W-2s to Plaintiffs.  One-half of these amounts are paid in settlement of

17  Plaintiffs' claims for interest and penalties, and as to that portion Cadence will not take any applicable

18  payroll tax withholding and deductions and instead will issue Form 1099s to Plaintiffs reporting those

19  payments.

20          7.      Within five business days after the later of (a) the date Court enters the Judgment, or (b)

21  the date Cadence receives a fully completed and executed IRS Form W-9 from Plaintiffs' counsel's

22  firm, Cadence will pay to Plaintiffs attorneys' fees and costs in the amount of $32,000.  Cadence will

23  issue to Plaintiffs' counsel and Plaintiffs Form 1099s reporting that payment.

24          8.      Within five business days after the Court enters the Judgment, Cadence will pay to the

25  California Labor and Workforce Development Agency (the "LWDA") $450 for the LWDA's share of

26  the settlement of Plaintiffs' claim for civil penalties under the California Labor Code Private Attorneys

27  General Act ("PAGA").

28          9.      Cadence will make a good faith effort to satisfy the Judgment by providing checks to (1)

the Plaintiffs, and (2) the Plaintiffs' counsel for the attorneys' fees and cost payment within five court days of the date on which the Court enters Judgment.  Cadence will provide the checks to Plaintiffs Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, and Peter T. Edwards (the current employee Plaintiffs) by delivering the checks through interoffice mail.  Cadence will provide the checks to Plaintiffs Michael O'Connor, Timothy Whaley, Ron Smith, and Plaintiffs' counsel by Federal Express or hand delivery.

10.    Post-judgment interest on the Court's Judgment will not accrue during the first five court days following the date of entry of the Judgment; thereafter, if the Judgment remains unsatisfied, post-judgment interest will accrue on the amounts due under the Judgment at the simple rate of 10 percent *per annum*, prorated by day.

11.    Plaintiffs will be responsible for all tax liability they may bear with respect to the payments under this Stipulation.  This responsibility does not include responsibility for the employer's share of payroll taxes.

12.    In consideration of the payments made to them and the other terms and conditions of the Stipulation, as of the date the Judgment is entered by the Court, each and every Plaintiff, on behalf of himself or herself and his or her heirs and assigns, hereby releases Cadence and its former and current parents, subsidiaries, and affiliates, officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives (the "Cadence Parties") from the following claims, causes of action, demands, rights, and liabilities of every nature and description, whether known or unknown ("Claims") that arise from any act or omission occurring on or before the Judgment is entered by the Court that was taken on the basis that the Plaintiff was misclassified as exempt under federal or state law while employed at Cadence as a Field Service Engineer or Field Service Engineer Manager, including but not limited to (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to provide meal periods and rest breaks, (iii) the alleged failure to provide itemized wage statements, or (iv) the alleged failure to provide benefits:

       a.    any and all applicable federal wage-and-hour Claims, including, without limitation, claims arising under the FLSA;

       b.    any and all wage-and-hour Claims arising under the laws of the State of

California and the laws of all other States, including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief;

c.   any and all Claims for unfair business practices or unfair competition, including, without limitation, claims arising under California Government Code section 17200 *et seq.*; and

d.   any and all Claims for benefits, including without limitation claims arising under ERISA.

13.   In consideration of their attorneys' fees payment, as of the date the Court enters the Judgment, Plaintiffs' counsel hereby releases any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses against the Cadence Parties arising from or related to this action, including but not limited claims based on the FLSA, the California Labor Code, or any other statute or law (the "Counsel's Released Claims").

14.   Plaintiffs' Released Claims and Counsel's Released Claims include all such claims, whether known or unknown by the releasing party. Thus, even if Plaintiff or Plaintiffs' counsel discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of their respective released claims, those claims will remain released and forever barred. Therefore, Plaintiffs and Plaintiffs' counsel expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule. Section 1542 states:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

15.   If for whatever reason the Court does not enter the Judgment, or does not do so by August 15, 2008, then this Stipulation and the settlement it embodies will be null and void, and none of the Parties may make any use of the Stipulation in the Action.

16.   With the Court's entry of the Judgment, this Action will be dismissed with prejudice, each side to bearing its own costs and attorneys' fees except as provided by this Stipulation.

1    17.    This Stipulation reflects a compromise of highly disputed claims.  Cadence denies that

2  Plaintiffs are or were misclassified as exempt from overtime and denies that it bears any liability to

3  Plaintiffs for overtime wages, interest, penalties, or any other sum.  This Stipulation and any act taken

4  pursuant to it will not be admissible by any Party or any third-party in the Action or any other

5  proceeding to show the value or lack of value of any claim asserted by Plaintiffs or any liability

6  allegedly borne to Plaintiffs by Cadence.

7    18.    The Parties' Stipulation is a fair and reasonable compromise of Plaintiffs' claims.

8    19.    At all times in connection with the negotiation, drafting, and execution of the Stipulation,

9  Plaintiffs have been represented by competent counsel who have fully advised plaintiffs about the

10  Stipulation.

11    20.    This Stipulation will not be construed in favor of or against any Party by reason of the

12  extent to which any Party or his or its counsel participated in the drafting of this Stipulation.

13    21.    This Stipulation may not be changed, altered, or modified, except in writing and signed

14  by the Parties and approved by the Court.  This Stipulation may not be discharged except by

15  performance in accordance with its terms or by a writing signed by the Parties.

16    22.    All terms and conditions of this Stipulation and its exhibits will be governed by and

17  interpreted according to the laws of the State of California, without giving effect to any conflict of law

18  or choice of law principles.

19    23.    This Stipulation constitutes the entire agreement between the Parties relating to the

20  Stipulation and transactions contemplated by the Stipulation.  All prior or contemporaneous agreements,

21  understandings, representations, and statements, whether oral or written and whether by a Party or a

22  Party's counsel, are merged into this Stipulation.  No rights under this Stipulation may be waived except

23  in writing.

24    24.    This Stipulation will be binding upon and will inure to the benefit of the Parties and their

25  respective heirs, trustees, executors, administrators, successors and assigns.

26    25.    This Stipulation may be executed in counterparts, and when each Party has signed and

27  delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken

28  together with other signed counterparts, will constitute one Stipulation, which will be binding upon and

1   effective as to all Parties, subject to court approval.

2       26.     The signatories to this Stipulation hereby represent that they are fully authorized to enter

3   into this Stipulation.

4       27.     The Parties and their counsel hereby execute this document to evidence their acceptance

5   of and agreement to the Stipulation.

6       28.     For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7       Dated: July ___, 2008.          MICHAEL P. O'CONNOR

8                                        _____

9       Dated: July ___, 2008.          TIMOTHY C. WHALEY

10                                       _____

11      Dated: July ___, 2008.          MARIO ESPINOZA-ALVAREZ

12                                       _____

13      Dated: July ___, 2008.          TSAICHUAN KAO

14                                       _____

15      Dated: July ___, 2008.          TRI H. DAO

16                                       _____

17      Dated: July ___, 2008.          PETER T. EDWARDS

18                                       _____

19      Dated: July ___, 2008.          RON SMITH

20                                       _____

21      Dated: July ___, 2008.          CADENCE DESIGN SYSTEMS, INC.

22                                       By: _____

23                                            _____
                                              _____

24      Dated: July ___, 2008.          JAMES M. FINBERG
                                         PETER E. LECKMAN
25                                       ALTSHULER BERZON LLP

26                                       KELLY M. DERMODY
                                         JAHAN C. SAGAFI
27                                       LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____
                Jahan C. Sagafi
        Attorneys for Plaintiffs Michael P. O'Connor, Timothy
        C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao,
        Tri H. Dao, Peter T. Edwards, and Ron Smith

Dated:  July __, 2008.          M. KIRBY C. WILCOX
                                JEFFREY D. WOHL
                                MOLLY A HARCOS
                                PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
                Jeffrey D. Wohl
              Attorneys for Defendant
            Cadence Design Systems, Inc.

1   effective as to all Parties, subject to court approval.

2        26.    The signatories to this Stipulation hereby represent that they are fully authorized to enter

3   into this Stipulation.

4        27.    The Parties and their counsel hereby execute this document to evidence their acceptance

5   of and agreement to the Stipulation.

6        28.    For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7   Dated:  July 25, 2008.                    MICHAEL P. O'CONNOR

8                                             _Michael P. O'Connor_____

9   Dated:  July ___, 2008.                   TIMOTHY C. WHALEY

10

11  Dated:  July ___, 2008.                   MARJO ESPINOZA-ALVAREZ

12                                            _____

13  Dated:  July ___, 2008.                   TSAICHAUN KAO

14                                            _____

15  Dated:  July ___, 2008.                   TRI H. DAO

16                                            _____

17  Dated:  July ___, 2008.                   PETER T. EDWARDS

18                                            _____

19  Dated:  July ___, 2008.                   RON SMITH

20                                            _____

21  Dated:  July ___, 2008.                   CADENCE DESIGN SYSTEMS, INC.

22                                            By: _____

23                                            _____

24  Dated:  July ___, 2008.                   JAMES M. FINBERG
                                              PETER E. LECKMAN
25                                            ALTSHULER BERZON LLP

26                                            KELLY M. DERMODY
                                              JAHAN C. SAGAFI
27                                            LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

Stipulation. No rights under this Stipulation may be waived except in writing.

24. This Stipulation will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

25. This Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Stipulation, which will be binding upon and effective as to all Parties, subject to court approval.

26. The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation.

27. The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

28. For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

Dated: July ___, 2008.                    MICHAEL P. O'CONNOR

                                          _____

Dated: July 25, 2008.                     TIMOTHY C. WHALEY

                                          _____

Dated: July ___, 2008.                    MARIO ESPINOZA-ALVAREZ

                                          _____

Dated: July ___, 2008.                    TSAICHAUN KAO

                                          _____

1   effective as to all Parties, subject to court approval.

2        26.     The signatories to this Stipulation hereby represent that they are fully authorized to enter

3   into this Stipulation.

4        27.     The Parties and their counsel hereby execute this document to evidence their acceptance

5   of and agreement to the Stipulation.

6        28.     For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7      Dated: July ___, 2008.         MICHAEL P. O'CONNOR

8

9      Dated: July ___, 2008.         TIMOTHY C. WHALEY

10

11      Dated: July _25_, 2008.        MARIO ESPINOZA-ALVAREZ

12

13      Dated: July ___, 2008.         TSAICHAUN KAO

14

15      Dated: July ___, 2008.         TRI H. DAO

16

17      Dated: July ___, 2008.         PETER T. EDWARDS

18

19      Dated: July ___, 2008.         RON SMITH

20

21      Dated: July ___, 2008.         CADENCE DESIGN SYSTEMS, INC.

22

23                                       By: _____

24      Dated: July ___, 2008.         JAMES M. FINBERG

25                                       PETER E. LECKMAN
ALTSHULER BERZON LLP

26                                       KELLY M. DERMODY

27                                       JAHAN C. SAGAFI
LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

1    effective as to all Parties, subject to court approval.

2        26.    The signatories to this Stipulation hereby represent that they are fully authorized to enter

3    into this Stipulation

4        27.    The Parties and their counsel hereby execute this document to evidence their acceptance

5    of and agreement to the Stipulation.

6        28.    For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7    Dated: July ___, 2008.                    MICHAEL P. O'CONNOR

8                                              _____

9    Dated: July ___, 2008.                    TIMOTHY C. WHALEY

10                                             _____

11   Dated: July ___, 2008.                    MARIO ESPINOZA-ALVAREZ

12                                             _____

13   Dated: July 2, 2008.                      TSAICHUAN KAO

14                                             _____

15   Dated: July ___, 2008.                    TRI H. DAO

16                                             _____

17   Dated: July ___, 2008.                    PETER T. EDWARDS

18                                             _____

19   Dated: July ___, 2008.                    RON SMITH

20                                             _____

21   Dated: July ___, 2008.                    CADENCE DESIGN SYSTEMS, INC.

22                                             By: _____

23                                             _____

24   Dated: July ___, 2008.                    JAMES M. FINBERG
                                               PETER E. LECKMAN
25                                             ALTSHULER BERZON LLP

26                                             KELLY M. DERMODY
                                               JAHAN C. SAGAFI
27                                             LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

1   effective as to all Parties, subject to court approval.

2        26.    The signatories to this Stipulation hereby represent that they are fully authorized to enter

3   into this Stipulation.

4        27.    The Parties and their counsel hereby execute this document to evidence their acceptance

5   of and agreement to the Stipulation.

6        28.    For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7        Dated: July ___, 2008.        MICHAEL P. O'CONNOR

8

9        Dated: July ___, 2008.        TIMOTHY C. WHALEY

10

11        Dated: July ___, 2008.        MARIO ESPINOZA-ALVAREZ

12

13        Dated: July ___, 2008.        TSAICHAUN KAO

14

15        Dated: July 25, 2008.        TRI H. DAO

16

17        Dated: July ___, 2008.        PETER T. EDWARDS

18

19        Dated: July ___, 2008.        RON SMITH

20

21        Dated: July ___, 2008.        CADENCE DESIGN SYSTEMS, INC.

22                                   By: _____

23

24        Dated: July ___, 2008.        JAMES M. FINBERG
25                                  PETER E. LECKMAN
                                    ALTSHULER BERZON LLP

26

27                                  KELLY M. DERMODY
                                    JAHAN C. SAGAFI
                                    LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

1 effective as to all Parties, subject to court approval.

2        26.    The signatories to this Stipulation hereby represent that they are fully authorized to enter

3 into this Stipulation.

4        27.    The Parties and their counsel hereby execute this document to evidence their acceptance

5 of and agreement to the Stipulation.

6        28.    For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7        Dated: July ___, 2008.            MICHAEL P. O'CONNOR

8                                          _____

9        Dated: July ___, 2008.            TIMOTHY C. WHALEY

10                                         _____

11       Dated: July ___, 2008.            MARIO ESPINOZA-ALVAREZ

12                                         _____

13       Dated: July ___, 2008.            TSAICHAUN KAO

14                                         _____

15       Dated: July ___, 2008.            TRI H. DAO

16                                         _____

17       Dated: July 27, 2008.             PETER T. EDWARDS

18                                         *P.T.Edwards* _____

19       Dated: July ___, 2008.            RON SMITH

20                                         _____

21       Dated: July ___, 2008.            CADENCE DESIGN SYSTEMS, INC.

22                                         By: _____

23                                             _____

24       Dated: July ___, 2008.            JAMES M. FINBERG
                                           PETER E. LECKMAN
25                                         ALTSHULER BERZON LLP

26                                         KELLY M. DERMODY
                                           JAHAN C. SAGAFI
27                                         LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

LEGAL_US_W # 59482791.6

STIPULATION OF SETTLEMENT
U.S.D.C., N.D. Cal., No. C-08-3513-JW

1  effective as to all Parties, subject to court approval.

2       26.    The signatories to this Stipulation hereby represent that they are fully authorized to enter

3  into this Stipulation.

4       27.    The Parties and their counsel hereby execute this document to evidence their acceptance

5  of and agreement to the Stipulation.

6       28.    For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7      Dated: July ___, 2008.       MICHAEL P. O'CONNOR

8

9      Dated: July ___, 2008.       TIMOTHY C. WHALEY

10

11      Dated: July ___, 2008.       MARIO ESPINOZA-ALVAREZ

12

13      Dated: July ___, 2008.       TSAICHAUN KAO

14

15      Dated: July ___, 2008.       TRI H. DAO

16

17      Dated: July ___, 2008.       PETER T. EDWARDS

18

19      Dated: July 25, 2008.       RON SMITH

20  *Ron Smith*

21      Dated: July ___, 2008.       CADENCE DESIGN SYSTEMS, INC.

22                         By: _____

23

24      Dated: July ___, 2008.       JAMES M. FINBERG
25                         PETER E. LECKMAN
                       ALTSHULER BERZON LLP

26                         KELLY M. DERMODY
27                         JAHAN C. SAGAFI
                       LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

1    effective as to all Parties, subject to court approval.

2        26.    The signatories to this Stipulation hereby represent that they are fully authorized to enter

3    into this Stipulation.

4        27.    The Parties and their counsel hereby execute this document to evidence their acceptance

5    of and agreement to the Stipulation.

6        28.    For the foregoing reasons, the Parties respectfully ask the Court to grant this stipulation.

7        Dated:  July ___, 2008.        MICHAEL P. O'CONNOR

8    _____

9        Dated:  July ___, 2008.        TIMOTHY C. WHALEY

10   _____

11       Dated:  July ___, 2008.        MARIO ESPINOZA-ALVAREZ

12   _____

13       Dated:  July ___, 2008.        TSAICHAUN KAO

14   _____

15       Dated:  July ___, 2008.        TRI H. DAO

16   _____

17       Dated:  July ___, 2008.        PETER T. EDWARDS

18   _____

19       Dated:  July ___, 2008.        RON SMITH

20   _____

21       Dated:  July ___, 2008.        CADENCE DESIGN SYSTEMS, INC.

22       By: _Christina J. Jones_

23       _SENIOR VICE PRESIDENT_
         _GLOBAL HUMAN RESOURCES_

24       Dated:  July 25, 2008.        JAMES M. FINBERG
         PETER E. LECKMAN

25       ALTSHULER BERZON LLP

26       KELLY M. DERMODY
         JAHAN C. SAGAFI

27       LEIFF CABRASER HEIMANN & BERNSTEIN LLP

28

1

2        By: _____
                            Jahan C. Sagafi
3              Attorneys for Plaintiffs Michael P. O'Connor, Timothy
               C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao,
               Tri H. Dao, Peter T. Edwards, and Ron Smith
4    Dated: July ___, 2008.    M. KIRBY C. WILCOX
                               JEFFREY D. WOHL
5                              MOLLY A HARCOS
                               PAUL, HASTINGS, JANOFSKY & WALKER LLP
6

7        By: _____
                            Jeffrey D. Wohl
8                          Attorneys for Defendant
                          Cadence Design Systems, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          By: _____
                              Jahan C. Sagafi
3                    Attorneys for Plaintiffs Michael P. O'Connor, Timothy
                     C. Whaley, Mario Espinoza-Alvarez, Tsaichaun Kao,
                     Tri H. Dao, Peter T. Edwards, and Ron Smith
4    Dated: July 1, 2008.         M. KIRBY C. WILCOX
                                  JEFFREY D. WOHL
5                                 MOLLY A HARCOS
                                  PAUL, HASTINGS, JANOFSKY & WALKER LLP
6

7          By: _____
                              Jeffrey D. Wohl
8                    Attorneys for Defendant
                     Cadence Design Systems, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
                                                    STIPULATION OF SETTLEMENT
LEGAL US W # 59482791.6                7            U.S.D.C., N.D. Cal., No. C-08-3513-JW

PAGE 2/2 * RCVD AT 7/25/2008 1:28:23 PM [Pacific Daylight Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:18587202555 * DURATION (mm-ss):01-04

**EXHIBIT A**

1   KELLY M. DERMODY (SBN 171716)
    JAHAN C. SAGAFI (SBN 224887)
2   LIEFF, CABRASER, HEIMANN
    & BERNSTEIN, LLP
3   275 Battery Street, 30th Floor
    San Francisco, California  94111-3339
4   Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
5   E-mails: kdermody@lchb.com
             jsagafi@lchb.com
6
    JAMES M. FINBERG (SBN 114850)          M. KIRBY C. WILCOX (SBN 78576)
7   PETER E. LECKMAN (SBN 235721)          JEFFREY D. WOHL (SBN 96838)
    ALTSHULER BERZON LLP                   MOLLY A. HARCOS (SBN 233556)
8   177 Post Street, Suite 300            PAUL, HASTINGS, JANOFSKY & WALKER LLP
    San Francisco, California  94108      55 Second Street, 24th Floor
9   Telephone: (415) 421-7151            San Francisco, California  94105
    Facsimile: (415) 362-8064            Telephone: (415) 856-7000
10  E-mails: jfinberg@altshulerberzon.com  Facsimile: (415) 856-7100
             pleckman@altshulerberzon.com  E-mails:  kirbywilcox@paulhastings.com
11                                                   jeffwohl@paulhastings.com
    Attorneys for Plaintiffs                         mollyharcos@paulhastings.com
12  Michael P. O'Connor, Timothy C. Whaley,
    Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H.  Attorneys for
13  Dao, Peter T. Edwards, and Ron Smith           Defendant Cadence Design Systems, Inc.

14

15                          UNITED STATES DISTRICT COURT

16                        NORTHERN DISTRICT OF CALIFORNIA

17                                SAN JOSE DIVISION

18

19                                              No. C-08-3513-JW
    MICHAEL P. O'CONNOR, TIMOTHY C.
20  WHALEY, MARIO ESPINOZA-                     **JUDGMENT APPROVING SETTLEMENT**
    ALVAREZ, TSAICHUAN KAO, TRI H.
21  DAO, PETER T. EDWARD, AND RON
    SMITH,
22
              Plaintiffs,
23
         v.
24
    CADENCE DESIGN SYSTEMS, INC.,
25
              Defendant.
26

27

28

1    Pursuant to the Stipulation of Settlement ("Stipulation") entered into by plaintiffs Michael P.

2  O'Connor, Timothy C. Whaley, Mario Espinoza-Alvarez, Tsaichuan Kao, Tri H. Dao, Peter T. Edwards,

3  and Ron Smith ("Plaintiffs"), defendant Cadence Design Systems, Inc. ("Cadence"), and their respective

4  counsel, and good cause appearing therefor,

5    IT IS ORDERED, ADJUDGED AND DECREED:

6    1.    The parties' Stipulation is a good-faith, arms-length settlement of Plaintiffs' claims in

7  this action.

8    2.    The parties' Stipulation is a fair and reasonable compromise of Plaintiffs' claims.

9    3.    At all times in connection with the negotiation, drafting, and execution of the Stipulation,

10 Plaintiffs have been represented by competent counsel who have fully advised Plaintiffs about the

11 Stipulation.

12    4.    Plaintiffs have agreed to the Stipulation.

13    5.    The proposed payment to the California Labor and Workforce Development Agency

14 ("the LWDA") of $450 is a fair and reasonable settlement of the LWDA's share of civil penalties under

15 the California Labor Code Private Attorneys' General Act.

16    6.    Accordingly, the Court approves the Stipulation and adopts it as the Court's judgment in

17 this matter.

18    7.    Pursuant to the Stipulation, this action is dismissed with prejudice, each side to bear its

19 own costs and attorneys' fees.    The Clerk shall close this file.

20    Dated: July 30, 2008.

    _____
    James Ware
    United States District Judge